Argued before FITZSIMONS, C. J., and CONLAN and Mc-CARTHY, JJ.

Henry A. Robinson, for appellant.
Dowd & Kennedy, for respondent.

CONLAN, J. This is an appeal from an order which denied a motion to open a default upon a former motion, and upon which an order was inadvertently signed granting leave to increase the amount of damages demanded in the complaint to the sum of $2,000. The action had been originally commenced in the municipal court for the Tenth district. We think that the court was without power to grant the order in the first instance, and are of the opinion that the order appealed from should be reversed, and the motion to vacate the original order granted, but we do not think that any costs should be awarded upon this appeal. If the plaintiff feels aggrieved by the situation that will be presented by the disposition thus made of the matter before us, she has the right to discontinue the present action, and she can then frame a pleading under which she would have the right to recover the increased damages to which she thinks herself entitled.

Order reversed, and motion to vacate original order granted. All concur.

---

### BRACHFELD v. THIRD AVE. R. CO.

(City Court of New York, General Term. November 16, 1899.)

STREET RAILROADS—COLLISION WITH WAGON.
The fact that a person in a crowded thoroughfare drives his team on a surface railroad is no justification for the company knowingly allowing its cars to collide with the rear of his wagon.

Appeal from trial term.

Action by Max Brachfeld against the Third Avenue Railroad Company. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before McCARTHY and CONLAN, JJ.

Hoadley, Lauterbach & Johnson, for appellant.
Joseph I. Green, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon a verdict and from an order denying a motion for a new trial. The action was brought to recover damages for personal injuries claimed to have been occasioned solely through the negligence of defendant's servants. The defendant gave no evidence upon the trial, but asked a reversal upon the following grounds: (1) The verdict was grossly excessive; (2) the court erred in charging the jury; (3) improper elements of damages were submitted to the jury; (4) errors in admission of evidence. Upon the question of excessive damages counsel for the defendant has seen fit to spread before us a long line of cases, with the amount of damages recovered in each, varying from $375 to $1,500. If the verdict of a jury in any single instance that may be

selected is to be the criterion to guide all other juries, then anything above a minimum would be excessive, and all verdicts above that sum would have to be set aside. This would be going further than, we think, counsel would be willing to go. To undertake to thus control and limit a jury would be to establish a dangerous rule. Juries are not to be thus limited, and, in view of all the authorities cited, we cannot say that the amount fixed by the jury in this case was excessive. The charge of the court was in no way prejudicial to the interests or rights of the defendant, and was, in our opinion, eminently fair. The court said:

"I charge you, as a matter of law, that the plaintiff had a perfect right to take his wagon upon the tracks of the defendant company, and to continue thereon; and that fact would furnish no justification to the company to allow its car to collide with the rear of plaintiff's wagon."

It will be borne in mind that this is the case of a surface railroad operating cars in the crowded thoroughfares of a great city, and where wagons and teams and foot passengers are constantly crossing the tracks of the company, using the public streets. It is not contended that the defendant did not see the plaintiff's wagon, for the defendant gave no evidence, and, if the version of the plaintiff was not the true one, the defendant would certainly have contradicted him; but there is no dispute upon the facts, nor do we think there was any error in the charge of the trial judge. It does not appear that any warning whatever was given to the plaintiff of the approach of the car. True, the plaintiff, on looking back, saw the car coming behind him, and endeavored to get out of the way, and while engaged in this effort his wagon was struck, and the damage resulted in consequence. We cannot say, under all the circumstances, that this was negligence on the part of the plaintiff which contributed to the injury, and the record does not present to our view any admission of evidence or improper submission of the elements of damages which call for an interference with the result reached by the jury, and we think the judgment and order appealed from should be affirmed, with costs.

McCARTHY, J., concurs.

━━━━━

KUHMAN v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. November 16, 1899.)

STREET RAILROADS — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY—INSTRUCTION.

Where there was some evidence that a street car was moving slowly when plaintiff attempted to get off, a charge that if the car was "in motion," without distinguishing between rapid and slow motion, plaintiff could not recover, was properly refused.